NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAMAL SOLOMAN,

           Plaintiff-Appellant,

  v.

ALEX VILLANUEVA; et al.,

           Defendants-Appellees.

No. 22-56106

D.C. No. 2:21-cv-07722-JLS-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted August 20, 2024[**]

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

    Gamal Soloman appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action related to the court-ordered sale of Soloman's former

residence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (judgment on the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

pleadings under Fed. R. Civ. P. 12(c)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We may affirm on any basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

The district court properly dismissed Soloman's claims challenging the legality of the writ of possession for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because these claims are a "de facto appeal" of a prior state court decision. *See Noel*, 341 F.3d at 1163 (discussing the *Rooker-Feldman* doctrine and explaining that "[i]t is a forbidden de facto appeal. . . when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court").

Dismissal of Soloman's claims challenging the manner in which the writ of possession was served was proper because Soloman failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to exercise

22-56106

supplemental jurisdiction over Soloman's state law claims after dismissing Soloman's federal claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

The district court did not abuse its discretion in dismissing Soloman's amended complaint without leave to amend because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

Soloman's motion for judicial notice and oral argument (Docket Entry No. 20) is denied.

Soloman's requests for costs and for disqualification of the magistrate judge, set forth in his opening brief, are denied.

**AFFIRMED.**

22-56106